### C. M. COX, et al., v. ANNIE BELL, et al.

7 So. (2nd) 450                                   Division B
March 17, 1942                 Rehearing Denied April 17, 1942

John H. Carter and John H. Carter, Jr., W. H. Watson, and C. M. Cox in pro. per., for appellants.

James H. Finch, for appellees, Annie Bell, Hannah Smith, Elizabeth Tew, Quincy Bell, et als., beneficiaries of said trust, Cecil A. Rountree in pro. per. and for appellees J. N. Campbell, F. D. Campbell, A. D. Campbell, Mrs. Flora C. Mitchell, Mrs. Marion C. Rountree.

CHAPMAN, J.:

This case discloses that E. N. Dekle, of Chipley, Florida, prior to 1930, was due certain named individuals referred to in the briefs as the "Whitaker heirs" and others as the "Campbell heirs" certain sums of money and issued notes as evidence of the indebtedness. E. N. Dekle encountered financial difficulties, ultimately, resulting in bankruptcy. The Whitaker heirs and the Campbell heirs were not listed as creditors and had no notice in the bankruptcy proceedings by E. N. Dekle, an involuntary bankrupt. Suit was instituted on these notes in the Circuit Court of Washington County, resulting in judgments for the Campbell heirs in the sum of $4,192.58 and for the Whitaker heirs in the sum of $3,013.02.

E. N. Dekle owned a building consisting of stores and offices and some unimproved real estate situated in the City of Chipley against which were liens owned

by the City of Chipley for taxes and street improvements. The heirs bought at foreclosure sale the property sold to satisfy the liens of the City. Title at Master's sale was taken in the name of C. M. Cox and Cecil A. Rountree, attorneys of Chipley, Florida, as trustees for the Whitaker and Campbell heirs. Additional deeds from other sources were acquired, which resulted in vesting the legal title to the Chipley real estate in the trustees for the owners of the two judgments. On April 11, 1932, the owners executed a trust deed to C. M. Cox and Cecil A. Rountree so as to enable them to rent, manage, control and handle the property to the best interest of the *cestuis que trust*. The property was controlled and managed by C. M. Cox. It was necessary to make repairs, collect rent, negotiate with tenants, protect the property against loss by fire, and perform other acts incidental to the management and control of the property. These assignments for many years were handled by Mr. Cox to the exclusion of Mr. Rountree.

Mr. Cox failed or omitted to account to his co-trustee or to the owners of the property for the rents and income therefrom and the Whitaker heirs, on October 22, 1936, executed a quit claim deed to the business property in Chipley to Mr. Cox without consideration. On August 12, 1939, some of the Whitaker heirs filed suit in the Circuit Court of Washington County against Mr. Cox, Mr. Rountree, the Campbell heirs and others praying: (a) that the deed from the Whitaker heirs to Mr. Cox dated October 22, 1936, be cancelled; (b) that Mr. Cox be required to account for all rents and profits; (c) that the trust be terminated by an appropriate decree; and (d) that the property be partitioned among the

owners. Answers were filed and testimony taken, and when the case was heard at final hearing an amended bill was permitted and allowed by the chancellor to be filed to conform to the evidence then before the court. The amended bill abandoned the prayer for partition of the property as appeared in the original bill and prayed that C. M. Cox be removed as trustee and another appointed by the Court; and that the Court retain jurisdiction of the subject matter for designated purposes. Answers were filed thereto.

Additional testimony was taken after the issues were settled, when the case was again presented on final hearing. The chancellor appointed Honorable Robert S. Pierce as special master and directed that he study the record and make a finding from all the testimony on account as between Mr. Cox and the *cestuis que trust* and report his findings in writing to the court. In due season, the special master's report was made and presented and exceptions thereto filed by Mr. Cox through counsel. The chancellor heard argument on the report, and the entire record, and sustained the report of the special master; entered a final decree based thereon, and the same is challenged as not being supported by the testimony.

We have studied carefully the report of the special master, and the testimony on which the report is predicated has been analyzed. We think there is substantial testimony in the record to support the conclusions and findings of the chancellor as expressed by the terms of the final decree, although it appears to the writer that the terms of the decree are rather harsh as it relates to the services rendered by Mr. Cox as an attorney and as a trustee. The interest, approximating several hundred dollars, was remitted,

it is true, but his labor and industry over many years conserved the corpus of the litigation. The saying that the laborer is worthy of his hire cannot be disregarded. There is nothing in the record on which to base a reversal of the decree except the testimony. We have no authority to substitute our conclusions for those of the chancellor in the absence of a showing of an abuse of discretion.

The decree appealed from is hereby affirmed.

BROWN, C. J. TERRELL, and THOMAS, JJ., concur.